## No. 7463.

### SUCCESSION OF BRIDGET COYLE.

A creditor of the defendant in a certain suit who appeals from the judgment rendered in the suit, and asks that it be set aside on the ground of irregularities, institutes what is in effect a revocatory action, and he cannot maintain such an action when he fails to allege that such judgment was in fraud of his rights, or that it gave the judgment creditor an unlawful preference, or that the defendant had not sufficient property to satisfy his own claim and the judgment also.

A creditor cannot complain that her debtor has renounced the usufruct of his children's property, because such a usufruct cannot be made liable to the payment of debts.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

*Thos. Gilmore & Sons* for appellees.
*Charles Louque* for appellant.

Charles Louque, for appellant, contended:

First—James Coyle was the usufructuary of the community property accruing to his children, and they could not, during the existence of his usufruct, sue him to recover their share. R. S. sec. 1710; Acts 1844, page 99; 14 A. 356. No renunciation of this usufruct appears in the record.

Second—One of the plaintiffs is a minor, still under the tutorship of James Coyle. The undertutor represented the minor in said suit. The minor cannot sue his tutor pending the tutorship. 30 A. 675.

Third—That the creditors of a usufructuary can cause to be annulled any renunciation of his rights to their prejudice, whether it be accompanied with fraud or not. C. C. 624.

Fourth—A wide distinction exists between an appeal by a third person and a revocatory action. The one is used where the defects are apparent on the face of the record and may be corrected by the appellate court; the other, where all the forms are correct, but the intention of the parties was to defraud. We know very well that a revocatory action may be brought to annul a fraudulent judgment, as was decided in 11 L. 419, the case cited by the court to support the theory that the judgment appealed from cannot be reversed. But that case never decided that a judgment which was rendered for a debt not exigible and in favor of a person incapacitated from appearing in court could only be set aside by a revocatory action.

T. Gilmore & Sons, contra, contended :

This is an attempt on the part of the appellant to make this appeal serve the purpose of a revocatory action. It is scarcely necessary to say that this court cannot entertain it.

The grounds alleged against the judgment are frivolous.

The children have a right, whenever the value of the property specially mortgaged diminishes so as to endanger their interest, to require an additional mortgage; and it is the duty of the undertutor to see to it. Civil Code, art. 328.

It is not perceived how the failure of James Coyle to insist upon his usufructuary rights can injure the appellant. Those rights are not subject to seizure and sale on execution. C. C. 1992.

The opinion of the court was delivered by

DEBLANC, J. Bridget died in 1858, leaving several children, who all—except one—are now of age. On the 16th of April 1859, James Coyle, the father and tutor of those children, rendered an account of his tutorship, in and by which he acknowledged to be indebted to them in the sum of $12,802 62.

In order to discharge his property from the legal mortgage arising from the tutorship, he gave a special one, and—on the 19th of October 1878—nearly twenty years after the rendition of his account—he was sued by his wards and confessed, in their favor, a judgment which—without his absolutely useless confession—is fully sustained by the evidence introduced on the trial.

Miss Mulligan, a creditor of Coyle, has appealed from, and urges the reversal of that judgment, on the grounds :

1st. That one of the plaintiffs in the suit brought against Coyle, is a minor, who is still under his tutorship, and by whom he could not legally have been sued.

2d. That he is entitled to, and does not appear to have renounced the usufruct of his children's share in the community heretofore existing between him and his deceased wife, and that they cannot—now—recover the share subject to that usufruct.

These grounds are urged—not in 'the motion filed to obtain the appeal, but in her counsel's brief.

The appellant does not contest the children's claim, but—in his argument—complains, in substance, that the object of Coyle's confession was to facilitate and hasten the obtaining of the judgment appealed from, in order to have it recorded before that which she herself was then seeking to obtain against him.

This court held that, " where the object of a suit is to annul a judgment and the assignment of property under it, as being in fraud of creditors, it is to be regarded as a revocatory action, by which they can avoid every act of their debtor, so far as it is injurious to them."

11 L. 419.

" That action can only be exercised when the debtor has not prop-

erty sufficient to pay the debt of the complaining creditor, or of all his creditors, when there has been a cession."

C. C. 1971 (1966), 1984 (1979).

Admitting—as it is not denied—that, under the averments of her motion for an appeal, Miss Mulligan was entitled to that which she obtained, and that she can—as a creditor—successfully urge irregularities which, if they do exist, are personal to, and were waived by Coyle, how can she justly expect the reversal of a judgment which she herself acknowledges to be correct, when she merely charges—in the only pleading filed in her name—"that it tends to defeat the collection of her claim," and does not charge that the confession—of which alone she complains—was made in fraud of her rights, or to secure for the children an undue and illicit preference, nor that Coyle has not sufficient property to satisfy her own and the plaintiffs' demand?

As to Coyle's usufruct of that portion of the common property inherited by the legal representatives of his wife, it matters not—so far as Miss Mulligan is concerned—whether he could or did renounce it, for the Code expressly provides " that such a right cannot be made liable to the payment of debts."

C. C. 1992 (1987).

Whether considered separately or collectively, the facts alleged and relied upon by Miss Mulligan do not sustain her application, or authorize the reversal of the judgment appealed from, which is affirmed at her costs.

Rehearing refused.